UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHANA SHAW,

                    Plaintiff,

             -against-

KEN SCATTERGOOD; VICTORIA
ROESSLING; COUNTY OF DUTCHESS;
COUNTY OF ULSTER; HON. EDWARD
MCLOUGHLIN; DUTCHESS COUNTY
PROBATION DEPARTMENT; DUTCHESS
COUNTY JUSTICE AND TRANSITION
CENTER,

                    Defendants.

25-CV-6678 (LLS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LOUIS L. STANTON, United States District Judge:

       Plaintiff, who is proceeding *pro se*, brings this action under 42 U.S.C. §§ 1983, 1985 and

1986; 18 U.S.C. § 242; and the Supremacy Clause.[1] Plaintiff's claims concern her arrest and

prosecution in Dutchess County, New York. She names as Defendants: Dutchess County

Assistant District Attorney ("ADA") Victoria Roessling; the Hon. Edward McLoughlin;

Dutchess County Probation Department; Dutchess County Justice and Transition Center

("DCJTC"); Officer Ken Scattergood of Dutchess County; and Dutchess and Ulster Counties.

       By order dated January 21, 2026, the court granted Plaintiff's request to proceed *in forma*

*pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court

---

[1] Plaintiff filed an amended complaint (ECF 16) on December 23, 2025, a supplemental affidavit on December 24, 2025 (ECF 17), and a third amended complaint (ECF 18) on December 24, 2025; the third amended complaint is the operative pleading. The Court refers to the original complaint (ECF 1), the supplemental affidavit, and the amended complaint for the sole purpose of providing background information, including the full names of the defendants.

dismisses the complaint, but grants Plaintiff 30 days' leave to replead her claims in an amended pleading.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

## BACKGROUND

The following facts are drawn from the "third amended complaint" filed on December 24, 2025, which is the operative complaint, and Plaintiff's affidavit, which the Court construes as a supplemental pleading, pursuant to Rule 15(d) of the Federal Rules of Civil Procedure.[2]

On an unspecified date, "Plaintiff's underlying conviction was reversed, rendering all ancillary enforcement orders—including supervision, electronic monitoring, and custodial authority—void ab initio." (ECF 18, at 6.) During an unspecified time, Plaintiff was subjected to approximately thirteen (13) days of incarceration at DCJTC [Defendant Dutchess County Justice and Transition Center] "[d]espite pending stays and known jurisdictional defects." (*Id.* at 8.)

---

[2] All spelling, grammar, and punctuation are as in the operative complaint and supplemental pleading unless noted otherwise.

During this detention, "Plaintiff was pregnant and repeatedly reported bleeding, pain, and medical distress," but "Defendants delayed, denied, and disregarded medical care, demonstrating deliberate indifference." (*Id.*) While detained, "Plaintiff suffered a miscarriage." (*Id.* at 9.)

Plaintiff asserts that the "[c]ontinued restraint following reversal constitutes unlawful seizure and detention." (*Id.* at 6.) She also asserts that "[d]espite pending stays and actual notice, Defendants enforced house arrest and electronic monitoring, depriving Plaintiff of liberty." (*Id.* at 8.)

Plaintiff indicates that she "initiated federal civil rights litigation in the Southern and Northern Districts of New York." (*Id.* at 7.) She also indicates that she "served formal Supremacy Clause and jurisdictional notice on Defendants and the Dutchess County Attorney, advising that continued enforcement conflicted with federal law." (*Id.*)

Plaintiff brings claims against Judge Edward McLoughlin, who she claims "[r]efused to rule on jurisdictional challenges . . . [and] acted outside judicial authority." (*Id.* at 9.) She also brings claims against Dutchess and Ulster Counties, asserting that these defendants "retained joint counsel to defend related federal actions." (*Id.* at 10.)

Plaintiff invokes federal criminal statutes, including 18 U.S.C. § 242, noting that although Section 242 "is a criminal statute, its elements define willful constitutional deprivation." (*Id.* at 11.) Plaintiff also invokes the Fourth Amendment to the United States Constitution, claiming "[u]nlawful arrest, monitoring, and incarceration." (*Id.* at 13.) Finally, Plaintiff asserts a First Amendment retaliation claim, asserting that "Defendants retaliated against [her] for filing federal litigation." (*Id.* at 13.)

3

Plaintiff seeks a "[d]eclaratory judgment that all enforcement orders were void[,] [i]njunctive relief terminating all restraints, monitoring, and supervision[,] [and] [c]ompensatory and punitive damages for unlawful incarceration and miscarriage[.]" (*Id.* at 17.)

In Plaintiff's supplemental pleading, she states that during her detention, she "was pregnant and experienced serious medical distress, including bleeding and pain, which I reported to jail staff." (ECF 17, at 3.) After being released from custody, on December 24, 2025, she "was treated at Vassar Brothers Medica Center [VBMC] . . . for complications related to my miscarriage." (*Id.*) When she was discharged from VBMC, she was instructed "to follow up with an OB/GYN within 3-5 days, demonstrating that my condition required ongoing specialist care beyond what could be provided in custody." (*Id.*) Plaintiff asserts that "[t]his treatment and follow-up recommendation are directly linked to the physical and emotional harm I suffered as a result of unlawful incarceration[.]" (*Id.*)

## DISCUSSION

### A.    Assistant District Attorney Roessling

Plaintiff's claims against ADA Roessling are dismissed under the doctrine of prosecutorial immunity. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (explaining that absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp*

*v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity).

Here, Plaintiff's claims against Roessling appear to be based on actions taken within the scope of her official duties and associated with Plaintiff's criminal proceedings. Assuming Roessling was involved in Plaintiff's prosecution, the third amended complaint does not allege any facts suggesting that Roessling is not immune from liability. The Court therefore dismisses these claims because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

**B.    Judge McLoughlin**

Plaintiff's claims against Judge McLoughlin are dismissed under the doctrine of judicial immunity. Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation[.]" *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of

jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Moreover, 42 U.S.C. § 1983, as amended in 1996, provides that, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Where an appeal is available, declaratory relief is available. *See, e.g.*, *Newsome v. Scheininger*, No. 24-CV-5265 (VSB), 2024 WL 4467415, at *4 (S.D.N.Y. Oct. 10, 2024) ("[T]he 1996 Amendments to Section 1983 bar Plaintiff's claims for injunctive relief against [the defendant judge]. Plaintiff's remedy, if any, was to pursue his appeal rights within the state court system, and he cannot obtain injunctive relief from this Court under Section 1983."); *Davis v. Campbell*, No. 13-CV-0693, 2014 WL 234722, at *9 (N.D.N.Y. Jan. 22, 2014) ("[D]eclaratory relief against a judge for actions taken within his or her judicial capacity is ordinarily available by appealing the judge's order.").

Plaintiff essentially asserts that Judge McLoughlin acted beyond the scope of his judicial responsibilities or outside his jurisdiction, but she alleges no facts in support of this assertion. *See Mireles*, 509 U.S. at 11-12. Assuming Plaintiff sues Judge McLoughlin for "acts arising out of, or related to, individual cases before him," he is immune from suit for such claims. *Bliven*, 579 F.3d at 210. Moreover, to the extent Plaintiff seeks injunctive and declaratory relief, she alleges no facts suggesting that Judge McLoughlin violated a declaratory decree, that declaratory relief was unavailable, or that an appeal is unavailable.

The Court therefore dismisses Plaintiff's claims against Judge McLoughlin because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C.

§ 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

## C.    Dutchess County Justice Transition Center

To the extent Plaintiff seeks to assert federal constitutional claims under Section 1983 against the DCJTC, such claims must be dismissed. To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law. 42 U.S.C. § 1983. Because DCJTC is not a "person" under Section 1983, Plaintiff cannot bring constitutional claims against this facility. *See, e.g.*, *Farray v. Riker's Island Corr. Facil.*, No. 12-CV-4717, 2012 WL 5289608, at *2 (E.D.N.Y. Oct. 22, 2012) (holding that "Rikers Island Correctional Facility" is "a non-suable entity" because it is not a "person" within the meaning of Section 1983); *Marsden v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994) (holding that "a jail is not an entity that is amenable to suit" and collecting cases). The Court therefore dismisses Plaintiff's claims against DCJTC for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

In light of Plaintiff's *pro se* status and clear intention to assert claims arising from her detention, the Court grants her 30 days' leave to file a fourth amended complaint to plead facts suggesting that individuals employed at DCJTC violated her constitutional rights during her detention. The Court encourages Plaintiff to complete the attached court-issued complaint form and follow the directions set forth in this order in the "Leave to Amend" section.

## D.    Officer Scattergood

Plaintiff's claims against Officer Scattergood are dismissed because her pleading does not comply with Rule 8 of the Federal Rules of Civil Procedure. Although *pro se* litigants enjoy

the Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), their

pleadings must comply with Rule 8, which requires a complaint to make a short and plain

statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the

claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the court accepts all

well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's

favor. *Id.* (citing *Twombly*, 550 U.S. at 555). But the court need not accept "[t]hreadbare recitals

of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing

*Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual
> allegations, but it demands more than an unadorned, the-defendant-unlawfully-
> harmed-me accusation. A pleading that offers labels and conclusions or a
> formulaic recitation of the elements of a cause of action will not do. Nor does a
> complaint suffice if it tenders naked assertions devoid of further factual
> enhancement.

*Id.* (internal citations, quotation marks, and alteration omitted). After separating legal

conclusions from well-pleaded factual allegations, the court must determine whether those facts

make it plausible—not merely possible—that the pleader is entitled to relief. *Id.*

Rule 8 "does not demand that a complaint be a model of clarity or exhaustively present

the facts alleged," but it does require, "at a minimum, that a complaint give each defendant fair

notice of what the plaintiff's claim is and the ground upon which it rests." *Atuahene v. City of*

*Hartford*, 10 F. App'x 33, 34 (2d Cir. 2001) (citation and quotation marks omitted).

Here, Plaintiff's complaint does not comply with Rule 8. Although it appears that

Plaintiff brings claims arising from her arrest, she does not state any facts suggesting Officer

Scattergood violated her rights during the course of an arrest. Rather, she states in conclusory

terms that her arrest was unlawful, without pleading facts describing the events that occurred

8

during her arrest that caused it to be unlawful. The Court therefore dismisses the claims against Officer Scattergood for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead. The Court strongly encourages Plaintiff to complete the attached complaint form and to follow the directions set forth below in the "Leave to Amend" Section.

### E.    Dutchess and Ulster Counties

Plaintiff's claims against Dutchess and Ulster Counties are dismissed for failure to state a claim. When a plaintiff sues a municipality, such as Dutchess and Ulster Counties, under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie*, 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

Plaintiff does not plead facts suggesting that either Dutchess or Ulster Counties has a policy, custom, or practice that was the cause of a constitutional injury. Accordingly, the Court dismisses Plaintiff's claims against these two counties for failure to state a claim on which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), with 30 days' leave to replead.

9

### F.    Claims under federal law

In addition to Plaintiff's claims under Section 1983 discussed above, Plaintiff also asserts a First Amendment retaliation claim under Section 1983, as well as claims under Sections 242, 1985, 1986, and the Supremacy Clause. The Court dismisses these claims as follows.

#### 1.    First Amendment Retaliation

A plaintiff alleging a First Amendment retaliation claim against a public official must show that "(1) [s]he has an interest protected by the First Amendment; (2) defendant's actions were motivated or substantially caused by his exercise of that right; and (3) defendant's actions effectively chilled the exercise of h[er] First Amendment right." *Curley v. Vill. of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001); *see Williams v. Town of Greenburgh*, 535 F.3d 71, 76 (2d Cir. 2008) ("Regardless of the factual context, [courts] have required a plaintiff alleging retaliation to establish speech protected by the First Amendment."). To show that a defendant's action has chilled the exercise of speech under the First Amendment, a plaintiff "must typically allege 'actual chilling.'" *Zherka v. Amicone*, 634 F.3d 642, 645 (2d Cir. 2011).

Plaintiff's allegation that Defendants retaliated against her based on her litigating cases in federal court does not provide a basis for the Court to infer any retaliatory conduct on the part of any defendant. Moreover, because Plaintiff has filed this action, she appears unable to show that her speech has been chilled. The Court therefore dismisses this claim for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), but grants her leave to plead facts in support of this claim, should she file an amended pleading.

#### 2.    Section 242

Plaintiff asserts a claim under Section 242, a federal criminal statute that concerns the deprivation of rights under color of law. As Congress did not create a private right of action under this criminal statute, Plaintiff cannot seek civil remedies regarding the alleged violation of

Section 242. *See, e.g.*, *Hill v. Didio*, 191 F. App'x 13, 14 (2d Cir. 2006) ("We have noted in the past that there is no private right of action under section 242[.]" (citing *Robinson v. Overseas Mil. Sales Corp.*, 21 F.3d 502, 511 (2d Cir. 1994))). The Court therefore dismisses any claim Plaintiff may be attempting to assert under Section 242 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3.    Sections 1985 and 1986

To state a claim under Section 1985, a plaintiff must show the existence of: (1) a conspiracy; (2) for the purpose of depriving the plaintiff of the equal protection of the laws, or the equal privileges or immunities under the laws; (3) an overt act in furtherance of the conspiracy; and (4) an injury to the plaintiff's person or property, or a deprivation of his right or privilege as a citizen of the United States. *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999). "[T]he [§ 1985(3)] conspiracy must also be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" *Id.* (quoting *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (per curiam)). Vague and unsupported assertions of a claim of conspiracy will not suffice. *See, e.g.*, *Wang v. Miller*, 356 F. App'x 516, 517 (2d Cir. 2009) (summary order).

Plaintiff does not allege any facts suggesting a violation of Section 1985. Nothing in Plaintiff's pleading describes an overt act in furtherance of any conspiracy or that any defendant showed racial animus. The complaint therefore fails to state a claim under Section 1985.

Plaintiff also does not state a claim under Section 1986, which provides a cause of action against anyone who, "having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so." *Mian*, 7 F.3d at 1088 (2d Cir. 1993) (quotation marks and citation omitted). Thus, a Section 1986 claim must be predicated upon a valid Section 1985 claim. *Id.* As discussed

11

above, Plaintiff has failed to state a valid conspiracy claim under Section 1985, which is a mandatory predicate for a claim under Section 1986.

In light of Plaintiff's *pro se* status, the Court grants her leave to amend her pleading to assert claims under Sections 1985 and 1986.

### 4.    Supremacy Clause

"[T]he Supremacy Clause is not the 'source of any federal rights,' . . . and [it]does not create a cause of action.'" *Armstrong v. Exceptional Child Center, Inc.*, 575 U.S. 320, 324-25 (2015) (quoting *Golden State Transit Corp. v. Los Angeles*, 493 U.S. 103, 107 (1989) (internal quotation marks and citation omitted). Accordingly, the Supremacy Clause does not provide an individual a private right of action. *Id.* The Court therefore dismisses Plaintiff's claim under the Supremacy Clause for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### G.    Claims under state law

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**LEAVE TO AMEND GRANTED**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Section 1983 claim against Officer Scattergood, the Court grants Plaintiff 30 days' leave to amend her complaint to cure the deficiencies identified above.

**First**, Plaintiff must name as the defendant(s) in the caption[3] and in the statement of claim those individuals who were allegedly involved in the deprivation of her federal rights. If Plaintiff does not know the name of a defendant, she may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of Plaintiff's fourth amended complaint.[4] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending her pleading to include the identity of any "John Doe"

---

[3] The caption is located on the front page of a complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, she should write "see attached list" on the first page of the Fourth Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[4] For example, a defendant may be identified as: "John Doe #1 on duty May 10, 2025, in Poughkeepsie, New York."

defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, she must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

**Second**, in the "Statement of Claim" section of the fourth amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the fourth amended complaint that Plaintiff wants the Court to consider in deciding whether the fourth amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's fourth amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

**Third**, because Plaintiff's fourth amended complaint will completely replace, not supplement, the third amended complaint, **any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.**

**Finally**, if Plaintiff does not file a fourth amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

14

**PRO SE CLINIC**

Plaintiff is advised that there is a Pro Se Law Clinic available to assist self-represented parties in civil cases. The Clinic may be able to provide Plaintiff with advice in connection with her case. The Pro Se Law Clinic is run by a private organization called the City Bar Justice Center; it is not part of, or run by, the Court (and, among other things, therefore cannot accept filings on behalf of the Court, which must still be made by any self-represented party through the Pro Se Intake Unit).

To make an appointment, Plaintiff must complete the City Bar Justice Center's intake form. If Plaintiff has questions about the intake form or needs to highlight an urgent deadline already disclosed in the form, the clinic can be contacted by phone (212-382-4794) or email (fedprosdny@nycbar.org). In-person appointments in the Thurgood Marshall Courthouse in Manhattan and the Charles L. Brieant Jr. Federal Building and Courthouse in White Plains are available Monday through Thursday, 10am to 4pm. Appointments are also available remotely Monday through Friday, 10am to 4pm.

**CONCLUSION**

The Court dismisses the third amended complaint for the reasons set forth above, *see* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), with 30 days' leave to replead.

The Court denies Plaintiff's motions regarding the issuance of summonses because the Court dismisses this action. The Court directs the Clerk of Court to terminate the motions at ECF 24, 25, and 27.

The Court grants Plaintiff's motion for permission for electronic case filing (ECF 23). Should Plaintiff have any questions regarding electronic filing, she may call the ECF Help Desk at (212) 805-0800.

15

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court attaches a flyer from the City Bar Justice Center's clinic.

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    June 11, 2026
          New York, New York

_____*Louis L. Stanton*_____
Louis L. Stanton
U.S.D.J.

16

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

\_\_\_\_\_CV_____
_____
                                                (Include case number if one has been
Write the full name of each plaintiff.          assigned)

-against-                                       **AMENDED**

_____        **COMPLAINT**

_____         Do you want a jury trial?
                                                 ☐ Yes      ☐ No
_____

_____
Write the full name of each defendant. If you need more
space, please write "see attached" in the space above and
attach an additional sheet of paper with the full list of
names. The names listed above must be identical to those
contained in Section II.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed
with the court should therefore *not* contain: an individual's full social security number or full
birth date; the full name of a person known to be a minor; or a complete financial account
number. A filing may include *only*: the last four digits of a social security number; the year of
an individual's birth; a minor's initials; and the last four digits of a financial account number.
See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

### A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B.   If you checked Diversity of Citizenship

#### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

_____
(Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____ , is a citizen of the State of
(Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If the defendant is a corporation:

The defendant, _____ , is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____ .

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name                Middle Initial            Last Name

_____

Street Address

_____

County, City                          State                    Zip Code

_____

Telephone Number                      Email Address (if available)

Page 3

## B. Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                        State                    Zip Code

Defendant 2:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                        State                    Zip Code

Defendant 3:

First Name                          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                        State                    Zip Code

Defendant 4:

_____

First Name                          Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                          State                  Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:  _____

Date(s) of occurrence:  _____

### FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

## INJURIES:

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

Page 6

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |
| First Name          Middle Initial | Last Name |
| Street Address | |
| County, City | State          Zip Code |
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

Page 7

# FEDERAL PRO SE LEGAL ASSISTANCE PROJECT
## in the Southern District of New York (SDNY)



## ABOUT THE PROJECT

The Federal Pro Se Legal Assistance Project (Fed Pro) provides limited assistance to self-represented litigants (plaintiffs and defendants) with cases involving civil legal matters in the United States District Court for the Southern District of New York (SDNY).

## HOW TO SCHEDULE AN APPOINTMENT

To schedule an appointment for assistance with City Bar Justice Center's Fed Pro project, you must first complete our online Intake Form.

- Our online Intake Form is accessible via one of these methods:
  - Scan the QR code to the right.
  - Go to bit.ly/prosesdny
- Once on the City Bar Justice Center Federal Pro Se Legal Assistance page, scroll down to "**SDNY**" and then click "**APPLY FOR HELP**" to be taken to the Intake Form.
- When the Intake Form asks: "How can we help you", please select "**Federal Court Case**" from the drop-down menu. The Fed Pro SDNY office will receive your application ONLY if you select "federal court case." If you select anything else, you will need to re-complete your application.

Once you complete the form, someone will contact you, usually within five business days, to schedule an appointment. If you are not able to complete the Intake Form, please call **(212) 382-4794,** leave a detailed message, and wait for us to call you back, typically within five business days.

## HOW WE HELP





**While we cannot provide full representation,** we can assist litigants by providing limited-scope services such as:

 **Counseling** about potential federal claims prior to filing suit

 **Interpreting and explaining** federal law and procedure

 **Reviewing drafted pleadings** and correspondence with the Court

 Consulting on **discovery** matters

 Assisting with the **settlement** process (including **mediation**)