UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHANA SHAW,<br>Plaintiff,<br>-against-<br>SCATTERGOOD; ROESSLING; COUNTY OF DUTCHESS; COUNTY OF ULSTER; DUTCHESS COUNTY PROBATION DEPARTMENT; DUTCHESS COUNTY JUSTICE AND TRANSITION CENTER; JUDGE EDWARD MCLOUGHLIN; DUTCHESS COUNTY DISTRICT ATTORNEY'S OFFICE,<br>Defendants. | 25-CV-6678 (LLS)<br>ORDER OF DISMISSAL |

LOUIS L. STANTON, United States District Judge:

Plaintiff, who is proceeding *pro se* and *in forma pauperis* ("IFP"), filed this complaint under 42 U.S.C. § 1983, alleging that Defendants violated her constitutional rights. By order dated June 17, 2026, the Court granted Plaintiff leave to file a fourth amended complaint to address deficiencies in her third amended complaint. Plaintiff filed a fourth amended complaint on June 29, 2026, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se*

pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted).

**BACKGROUND**

The following facts are drawn from the fourth amended complaint.[1] On an unspecified date, possibly occurring in March 2025,[2] "Plaintiff was arrested and became the subject of criminal proceedings in Dutchess County." (ECF 29, at 3.) During Plaintiff's detention, when she was pregnant, "she experienced bleeding and other symptoms, sought medical attention, and contends that adequate care was delayed or denied." (*Id.*) On an unspecified date and location, Plaintiff "suffered a miscarriage and sustained physical and emotional injuries." (*Id.*)

On an unspecified date, Plaintiff was released from custody but was "subject to restrictions on her liberty during portions of the proceedings." (*Id.*) Plaintiff indicates, on an unspecified date, "that a disorderly conduct charge was resolved by acquittal and sealed pursuant to New York law." (*Id.*)

Plaintiff asserts claims under the Fourth and Fourteenth Amendments. She seeks damages and unspecified declaratory relief. She names as Defendants Officer Ken Scattergood of Dutchess County; Dutchess County Assistant District Attorney ("ADA") Victoria Roessling; the Hon. Edward McLoughlin; Dutchess County Probation Department; Dutchess County Justice and Transition Center ("DCJTC"); and Dutchess and Ulster Counties.

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

[2] In Plaintiff's original complaint, she states that Officer Scattergood approached her at a gas station in Rhinebeck, New York. (ECF 1, at 6.)

In the Court's June 17, 2026 order, the Court dismissed from this action the following defendants: (1) ADA Roessling under the doctrine of prosecutorial immunity; (2) Judge McLoughlin under the doctrine of judicial immunity; (3) the DCJTC for failure to state a claim because the DCJTC is not a person under Section 1983; (4) Officer Scattergood for failure to state a claim under Rule 8 of the Federal Rules of Civil Procedure; and (5) Dutchess and Ulster Counties for failure to state a claim because Plaintiff did not allege a municipal policy that caused the violation of her constitutional rights. The Court granted Plaintiff leave to state facts in support of any claims she intended to bring regarding her detention at the DCJTC and any claims she intended to bring against Officer Scattergood.

## DISCUSSION

### A. Roessling, McLoughlin, DCJTC, and Dutchess and Ulster Counties

For the reasons stated in the Court's June 17, 2026 order, as described above, the Court dismisses the claims asserted in the fourth amended complaint against ADA Roessling, Judge McLoughlin, DCJTC, and Dutchess and Ulster Counties.

### B. Dutchess County Probation Department

Plaintiff names as a defendant the "Dutchess County Probation Department," which the Court understands to be the Office of Probation and Community Corrections. Plaintiff does not allege, however, any facts involving the Probation Department. Even assuming that the Probation Department, or its Director, has the capacity to be sued,[3] Plaintiff does not include any

---

[3] Under Rule 17(b)(3) of the Federal Rules of Civil Procedure, an entity's capacity to be sued is generally determined by the law of the state where the court is located. *See Edwards v. Arocho*, 125 F.4th 336, 354 (2d Cir. 2024) ("A plaintiff cannot bring a claim against a municipal agency that does not have the capacity to be sued under its municipal charter." (emphasis in original)). The Dutchess County Charter provides that "[t]here shall be an Office of Probation and Community Corrections under the direction of a Director of Probation and Community Corrections[,] . . . [and] the Director shall . . . have all the powers and perform all the duties now or hereafter conferred or imposed upon him/her by law, and perform such other and related

reason why she named this entity. The Court therefore dismisses the claims against the Dutchess County Probation Department for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

**C. Detention at the Dutchess County Justice and Transition Center**

In the Court's June 17, 2026 order, the Court granted Plaintiff leave to assert any claims that arose during her detention at the DCJTC. In the amended complaint, Plaintiff does not state any facts suggesting that an employee at the DCJTC violated her federal constitutional rights. To the extent Plaintiff claims that DCJTC staff denied her medical care during her detention, she does not state a claim. Such a claim, which appears to arise under the Fourteenth Amendment,[4] *see Darnell v. Pineiro*, 849 F.3d 17, 29, 33 n.9 (2d Cir. 2017), requires a showing of two elements: (1) an "objective" element, establishing that the challenged conditions are sufficiently serious, and (2) a "mental" element, which requires a showing that the officer acted with at least deliberate indifference to the challenged conditions. *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).

To satisfy the objective element, a plaintiff must allege "that the conditions, either alone or in combination, pose an unreasonable risk of serious damage to his health" or safety, which "includes the risk of serious damage to 'physical and mental soundness.'" *Darnell*, 849 F.3d at 30 (citing *Walker v. Schult*, 717 F.3d 119, 125 (2d Cir. 2013), and quoting *LaReau v. MacDougall*, 473 F.2d 974, 978 (2d Cir. 1972)). To satisfy the second element—the "subjective" or "mental" element—a pretrial detainee must allege facts indicating "that the defendant-official

---

duties required by the County Executive or County Legislature." Dutchess County Charter § 30.03, https://perma.cc/PV7A-EFKN (last visited Nov. 4, 2026).

[4] The Court assumes for the purposes of this order that Plaintiff was a pretrial detainee during her detention at the DCJTC.

acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety." *Id.* at 35.

Under this standard, a challenge based on the inadvertent or negligent failure to provide adequate care does not raise a constitutional claim under the Fourteenth Amendment. *See Daniels v. Williams*, 474 U.S. 327, 335-36 (1986); *Davidson v. Cannon*, 474 U.S. 344, 348 (1986). Furthermore, a "mere disagreement over the proper treatment" does not rise to the level of a constitutional claim for deliberate indifference. *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (holding that a "mere disagreement over the proper treatment" is not actionable under Section 1983).

Here, the Court granted Plaintiff leave to provide more facts regarding her detention at the DCJTC and to describe how individuals at the DCJTC violated her rights. In the fourth amended complaint, Plaintiff alleges that while pregnant at the DCJTC, she experienced bleeding and other symptoms, that the care she received was "delayed or denied," and that at some point, she suffered a miscarriage. (ECF 29, at 3.) These allegations do not provide any details describing the conduct of individual staff at the DCJTC, who "delayed or denied" her care, when these events transpired, or the connection between the alleged delay/denial in care and Plaintiff's miscarriage. Even assuming that Plaintiff can satisfy the first element of a deliberate indifference claim, that is, that she suffered a condition that posed an excessive risk to her health, she does not allege enough facts suggesting that correctional staff were aware of this risk and chose to ignore it. While she indicates that care was delayed and/or denied, because she does not describe this alleged conduct in any detail, the Court cannot conclude that any correctional staff were aware of

a specific risk to Plaintiff's health. Accordingly, the Court dismisses this claim for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**D. Officer Scattergood**

The Court also granted Plaintiff leave to plead more facts regarding Officer Scattergood's involvement in any violation of Plaintiff's rights. Plaintiff did not include any facts in her fourth amended complaint describing her arrest or detention. The Court therefore dismisses the claims against this defendant for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**E. Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

**F. Further Leave to Amend Denied**

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*,

514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court declines to grant Plaintiff another opportunity to amend. Plaintiff has submitted four pleadings in this action, none of which provide sufficient detail to suggest she has stated a claim against a proper defendant. The Court therefore declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

Plaintiff's fourth amended complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court denies Plaintiff's motion seeking service of her fourth amended complaint (ECF 30) as moot. The Court directs the Clerk of Court to terminate this motion.

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting.

Plaintiff has consented to electronic service (ECF 5).

The Court directs the Clerk of Court to enter a civil judgment in this action.

SO ORDERED.

Dated: November 14, 2026
New York, New York

Louis L. Stanton

Louis L. Stanton
U.S.D.J.